From an examination of the remainder of the protests the court was unable to find anything sufficient to overcome the presumption of correctness of the collector's action. Said protests were therefore overruled.

**No. 50202.**—Protests 57117–K, etc., of James McCutcheon & Co. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50203.**—Protests 57118–K, etc., of Barker Bros. Silver Co. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50204.**—Protests 57930–K, etc., of Barth-Guttman Textile Córp. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50205.**—Protests 59454–K, etc., of John Bliss & Co., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

MAY 15, 1945

**No. 50206.**—SUIT 4486.—

*United States* v. *Jos. Riedel Glass Works, Inc.* C. D. 849 affirmed March 28, 1945. C. A. D. 307.

BEFORE THE SECOND DIVISION, MAY 24, 1945

**No. 50207.**—Protest 936767–G of Isler & Co., Inc. (New York).

Opinion by TILSON, J. The record showed that certain items of the merchandise consist of hemp knotted straw hats the same in all material respects as those the subject of Abstract 46497, which record was admitted in evidence herein. In accordance therewith the items of merchandise in question were held dutiable as claimed.

**No. 50208.**—Protest 939219–G of East Asiatic Co., Inc. (New York).

Opinion by TILSON, J. The record showed that certain items of the merchandise consist of sisal hats similar in all material respects to those the subject of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218), which record was admitted in evidence herein. In accordance therewith the items of merchandise in question were held dutiable as claimed.

**No. 50209.**—Protests 947862–G, etc., of American Straw Goods Co. (New York).

Opinion by TILSON, J. The record showed that certain items of the merchandise consist of hats composed of manila hemp similar in all material respects to those the subject of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218), which record was admitted in evidence herein. In accordance therewith the items of merchandise in question were held dutiable as claimed.

**No. 50210.**—Protests 958717–G, etc., of American Straw Goods Co. (New York).